UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NANCY REACH,

    Plaintiff,

v.

MSC CRUISES S.A., a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NANCY REACH (hereinafter "Plaintiff"), sues Defendant, MSC CRUISES, S.A. (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, NANCY REACH, is a citizen and resident of Cape Canaveral, Florida.

2. Defendant, MSC CRUISES, S.A., is a foreign entity incorporated in Switzerland, with its principal place of business in at Avenue Eugène-Pittard 16, Geneva, 1206, Switzerland.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard MSC SEASHORE.

5. The Court has subject matter jurisdiction in this matter and Defendant is subject to

personal jurisdiction before this Court.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled SEASHORE.  Further, Defendant employed the crewmembers assigned to its theaters, including the crewmembers responsible for assisting passengers into and out of the ship's theaters and for warning passengers of dangers in the ship's theaters, and is vicariously liable for the negligence of its crewmembers.  *Yusko v. NCL (Bahamas) Ltd.,* Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.,* 2021 WL 7367291 (S.D.Fla. 2021).

8. Further, Defendant designed, engineered, built, maintained, upkept, and/or refurbished SEASHORE, including the area of the theater where Plaintiff fell.  Defendant designed SEASHORE and had it built to its specifications by Fincantieri in Monfalcone, Italy.  Further, after taking delivery of the ship, Defendant conducted routine inspections of the ship, including the area of Plaintiff's fall.

9. On October 15, 2024, Plaintiff was a passenger aboard SEASHORE which was in navigable waters.

10. As with the other ships in its fleet, SEASHORE has a main theater midship with a series of aisles and seating designed by Defendant and constructed to Defendant's specifications, including materials, seating configuration, and aisle/seat placement.  Defendant was involved in the design, engineering, lay-out, construction, maintenance, upkeep, refurbishment, and/or inspection of this theater.  For these reasons, Defendant knew or, in the exercise of reasonable care should have known, to make sure there are no fall/tripping hazards in the aisles/seating areas of this theater.

11. Despite the forgoing, certain sections of seating in the theater are not flush with the aisles next to them and/or not flush with the deck/flooring immediately behind the seats.  This

creates a hidden and dangerous gap which is known to Defendant but was not known or knowable to Plaintiff.  Further, the theater is not equipped with adequate/proper handrails or adequate/proper lighting.

12. As a consequence of this and other hazards (inadequate/improper handrails, inadequate/improper lighting, over-crowding) in its theaters, Defendant has a policy in place to have crewmembers stationed in the theater aisles at times when passengers are entering or leaving to warn passengers verbally of these hidden dangers. Despite this, at the time of Plaintiff's fall, although there were crewmembers in the theater, there was none at or near the location of Plaintiff's fall and Plaintiff received no verbal warning of dangerous gap which caused her to fall.

13. On October 15, 2024, as Plaintiff and her daughter arrived at the theater for a show, they were rushed in and down onto the theater because the show schedule was running late and there was much too large a crowd of passengers gathered to enter the theater; Defendant's employees opened the theater doors and directed the waiting passengers into the theater although there was a show on stage still performing.  Because there was a performance still going on, the theater was very dimly lit.  Further, because of the large crowd of passenger which had been allowed in, the aisles became immediately over-crowded.

14. As Plaintiff descended ahead of her daughter, when she came to the aisle where her incident occurred, as she turned into a row of seats, her left foot became caught in a gap between the deck/floor and the bottom back of the first seat in the row of seats immediately in front of the row she was entering. This caused her to fall hard and, as she fell without the benefit of any handrail, she injured her left index finger and aggravated a pre-existing back condition.  As this was her first time in the theater, and as a consequence of the poor/dim lighting and over-crowding in the theater at the time of Plaintiff's fall, the subject dangerous gap was obscured and not open or obvious to her.

15. This dangerous gap, lack of handrails, and improper lighting was known to

Defendant inasmuch as it designed, engineered, laid-out, constructed, maintained, upkept, refurbished, and/or inspected the theater. Conversely, the dangerous gap was unknown to Plaintiff and not observable by Plaintiff given the dim lighting and over-crowding in the theater, as well as the fact that this was Plaintiff's first time in the theater.

16. Although there were crewmembers in the theater at the time of Plaintiff's fall, there was none at or near the location of Plaintiff's fall and Plaintiff received no verbal warning of dangerous gap which caused her to fall. Defendant and its employees in the theater knew of this dangerous gap and were obligated to warn Plaintiff but did not. Alternatively, in the exercise of reasonable care, Defendant and its employees should have known of this dangerous gap and were obligated to warn Plaintiff but did not.

17. Prior to and/or at the time of Plaintiff's incident, Defendant had in place at the subject location video cameras to monitor the area, and had Defendant reasonably monitored the subject area via those cameras, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's incident, but, in violation of Defendant's policies and procedures, Defendant's employees did not take appropriate remedial measures to prevent Plaintiff's incident.

18. Previously, other passengers on Defendant's ships have been injured in similar incidents in Defendant's theaters such that Defendant was on notice of the existence the dangerous/risk-creating condition well before Plaintiff's incident and at the time of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024

incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails). Inasmuch as prior incidents need not be identical to the sued-upon incident to put a defendant on notice of a dangerous condition, *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641 (11th Cir. 1990); *see also Cogburn v . Carnival Corp.,* 2022 WL 1215196 (11th Cir. 2022); *Jones* v. *Otis Elevator Co.,* 861 F.2d 655 (11th Cir. 1988); *Worsham v. A.H. Robins Co.*, 734 F.2d 676 (11th Cir. 1984); *Jackson* v. *Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082 (5th Cir. 1986); *Bailey* v. *So. Pacific Transp. Co.,* 613 F.2d 1385 (5th Cir.1980); *Ree v. Royal Caribbean Cruises Ltd*., 315 FRD 682, 686 (S.D.Fla. 2016) (citing *In re Cooper Tire & Rubber Co*., 568 F.3d 1180, 1191 (10th Cir. 2009)),[1] these prior incidents in the theaters of its ships, including the sister-ship from which SEASHORE was designed, are sufficient to place Defendant on constructive notice of a dangerous condition with its theater. Further, the undetectable and hidden gap at the row of seating at issue here is not unique to SEASHORE or to its class of ships.

19. The above circumstances show that Defendant knew or should have known the subject gap, crowding, improper lighting, and absence of handrails posed a dangerous condition(s) in its main theater, but failed to correct these problems or warn passengers, including Plaintiff, of them.

20. As a consequence, Plaintiff sustained serious injuries her left hand and spine and necessitated medical care in the ship's infirmary, where an attempt at closed reduction of the left index finger was performed improperly.

21. As a further consequence, Plaintiff has required continued medical care following

---

[1] When used to prove notice:

> *[A]ll that is required is that the previous injury or injuries be such as to call the defendant's attention to the dangerous situation that resulted in the litigated accident, the similarity and circumstances of the accidents can be considerably less than that which is demanded when the same evidence is used for one of the other valid purposes*.

*Schmelzer* v. *Hilton Hotels Corp.,* 2007 WL 2826628, *2 (S.D.N.Y. 2007) (citations omitted) (emphasis added).

her return home.

22. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-two (22) as though fully alleged herein:

23. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

24. On or about October 15, 2024, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

25. On or about October 15, 2024, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe theater with proper access to its seating; and/or
c. Failure to properly position the seating in its theater so that hidden and dangerous gaps were not present; and/or
d. Failure to equip its theater with proper/adequate handrails; and/or
e. Failure to equip its theater with proper/adequate lighting or failure to have proper lighting on at the time passengers were entering and attempting to find seating; and/or
f. Allowing its theater to become over-crowded and not managing crowd control; and/or
g. Failure to inspect, maintain, and monitor its theater to ensure it was reasonably safe for use by passengers; and/or
h. Failure to have crewmembers present at the time of Plaintiff's fall as per Defendant's own policies to warn passengers of the hidden and dangerous gaps; and/or
i. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered; and/or
j. Failure to take steps as a result of prior similar incidents (involving the same circumstances/conditions) to reduce and/or prevent the type of accident Plaintiff suffered. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident

on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

26. As a consequence of Defendant having designed, engineered, built, maintained, upkept, and/or refurbished SEASHORE, including the area of the theater where Plaintiff fell, Defendant was on actual notice of the subject dangerous conditions causing Plaintiff's accident, but did not correct it/them.

27. Alternatively, as a result of prior similar incidents, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct it/them, or in the exercise of reasonable care under the circumstances, should have learned of it/them and corrected them, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

28. Further, because Defendant has a policy in place whereby crewmembers were to be stationed at the location during passenger arrival times in order to provide warnings, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct it/them, or in the exercise of reasonable care under the circumstances, should have learned of it/them and corrected them, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore

(S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

29. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails)

30. Defendant's failure to exercise reasonable care proximately caused Plaintiff's injuries.

31. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law

against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – NEGLIGENCE IN MAINTENANCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-two (22) as though fully alleged herein.

32. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). Defendant's duty of care includes maintaining its theater in a reasonably safe condition.

33. On or about October 15, 2024, Defendant, and/or its agents, employees, and/or servants breached its/their duty to maintain its theater in a reasonably safe condition.

34. On or about October 15, 2024, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Maintaining the positioning of the seating in its theater such that hidden and dangerous gaps were present; and/or
   b. Maintaining its theater with improper/inadequate handrails; and/or
   c. Maintaining its theater with improper/inadequate lighting; and/or
   d. Failure to take steps as a result of prior similar incidents (involving the same circumstances/conditions) to reduce and/or prevent the type of accident Plaintiff suffered. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

35. As a consequence of Defendant having designed, engineered, built, maintained, upkept, and/or refurbished SEASHORE, including the area of the theater where Plaintiff fell, Defendant was on actual notice of the subject dangerous conditions causing Plaintiff's accident, but yet maintained its theater with the hidden and dangerous gap which caused Plaintiff's accident.

36. Alternatively, as a result of prior similar incidents, Defendant knew of the foregoing conditions causing Plaintiff's accident and allowed it/them to continue, or in the exercise of reasonable care under the circumstances, should have learned of it/them and not allowed them to continue, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

37. Further, because Defendant has a policy in place whereby crewmembers were to be stationed at the location during passenger arrival times in order to provide warnings, Defendant knew of the foregoing conditions causing Plaintiff's accident and allowed it/them to continue, or in the exercise of reasonable care under the circumstances, should have learned of it/them and not allowed them to continue, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

38. The conditions maintained by Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

39. Defendant's maintenance of these dangerous conditions proximately caused Plaintiff's injuries.

40. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

### **COUNT III – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-two (22) as though fully alleged herein.

41. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-

Cooke/Torres (S.D.Fla. 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Although part of reasonable care, this duty to warn is separate and apart from the duty to maintain its ship in a reasonable condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. 2020).

42. The dangerous gap was hidden from and not obvious to Plaintiff inasmuch as this was her first time in the theater, the theater was improperly lit, and the theater was over-crowded.

43. Despite the fact that the hidden and dangerous gap was known to Defendant or, in the exercise of reasonable care, knowable to Defendant given its design/construction of the theater, given its policy of having crewmembers present in the area to warn of the danger, and/or from past similar incidents, *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails), Defendant failed to provide any warning of this condition to Plaintiff.

44. On or about October 15, 2024, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition as follows:

   a. Failure by Defendant and its crew to warn Plaintiff of a dangerous condition, to wit: a hidden non-obvious gap between its seating and the floor of the row behind it, which Defendant had actual knowledge of and was on notice of; and/or
   b. Failure by Defendant and its crew to warn Plaintiff of a dangerous condition, to wit: a hidden non-obvious gap between its seating and the floor of the row behind it, which Defendant had constructive knowledge of and was on notice of;

45. Through its design and construction of the theater, Defendant created the foregoing

dangerous condition causing Plaintiff's accident, but did not warn Plaintiff of the hidden and dangerous condition.

46. Alternatively, as a result of prior similar incidents, Defendant knew of the foregoing conditions causing Plaintiff's accident but did not warn her of it/them, or in the exercise of reasonable care under the circumstances, should have learned of it/them and warned her of them, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

47. Further, because Defendant has a policy in place whereby crewmembers were to be stationed at the location during passenger arrival times in order to provide warnings, Defendant knew of the foregoing conditions causing Plaintiff's accident but did not warn her of it/them, or in the exercise of reasonable care under the circumstances, should have learned of it/them and warned her of them, inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla.

2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

48. Defendant's failure to warn Plaintiff of this hidden danger proximately caused Plaintiff's injuries.

49. As a direct and proximate result of Defendant's failure to warn, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT IV – VICARIOUS LIABILITY FOR NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-two (22) as though fully alleged herein.

50. At all times material, Defendant was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, and/or employees, who were acting in furtherance of the business of the ship and in the course of employment. *Yusko v. NCL (Bahamas) Ltd.,* Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.,* 2021 WL 7367291 (S.D.Fla. 2021).

51. At all times material, Defendant's crewmembers assigned to the theater on October 15, 2024 owed passengers, including Plaintiff, a duty of reasonable care under the circumstances and were acting in the course of their employment.

52. On October 15, 2024, Defendant's agents, employees, and/or servants assigned to the theater breached their duty to provide Plaintiff with reasonable care under the circumstances.

53. On October 15, 2024, Plaintiff was injured due to the fault and/or negligence of Defendant's agents, employees, and/or servants assigned to the theater as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to be stationed in the theater while passengers arrived as required by Defendant's policies; and/or
c. Failure to properly supervise and control passenger use of the theater; and/or
d. Directing passengers, including Plaintiff, into the theater while a show was still ongoing which resulted in over-crowding of the theater; and/or
e. Failure to have sufficient lighting on in the theater while passengers, including Plaintiff, were entering; and/or

54. As a consequence of prior similar incidents and Defendant's policy of having crewmembers stationed for purposes of providing warnings, injury to Plaintiff as a result of the employees' negligence was reasonably foreseeable. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

55. As a direct and proximate result of the Defendant's employees' negligence, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT V – VICARIOUS LIABILITY FOR FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-two (22) as though fully alleged herein.

56. At all times material, Defendant was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, and/or employees, who were acting in furtherance of the business of the ship and in the course of employment. *Yusko v. NCL (Bahamas) Ltd.,* Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.,* 2021 WL 7367291 (S.D.Fla. 2021).

57. At all times material, Defendant's crewmembers assigned to the theater on October 15, 2024 owed passengers, including Plaintiff, a duty to warn of hidden and non-obvious dangers and were acting in the course of their employment.

58. On October 15, 2024, Defendant's agents, employees, and/or servants assigned to the theater breached their duty to provide Plaintiff with warnings of hidden and non-obvious dangers.

59. On October 15, 2024, Plaintiff was injured due to the fault and/or negligence of Defendant's agents, employees, and/or servants assigned to the theater as follows:

   a. Failure to warn Plaintiff of a dangerous condition, to wit: a hidden non-obvious gap between its seating and the floor of the row behind it, which Defendant's employees had actual knowledge of and were on notice of; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: a hidden non-obvious gap between its seating and the floor of the row behind it, which Defendant's employees had constructive knowledge of and were on notice of; and/or

60. As a consequence of prior similar incidents and Defendant's policy of having crewmembers stationed for purposes of providing warnings, injury to Plaintiff as a result of the employees' failure to warn was reasonably foreseeable. *Taiariol v. MSC Crociere, SA,* Case No. 15-Civ-61131-Moore (S.D.Fla. 2015) (May 29, 2024 incident on Divina where the passenger fell while getting up from her seat in the main theater as a result of a metal step nosing); *Gorczyca v. MSC Cruises, SA,* Case No. 16-Civ-61734-Ruiz (S.D.Fla. 2016 (October 18, 2014 incident on

Divina where the passenger fell while descending into the theater as a result of a loose step nosing, improper lighting, and the absence of handrails); *Jackson v. MSC Cruises, SA,* Case No. 25-Civ-23920-Gayles (S.D.Fla. 2025) (January 23, 2024 incident on Seaside, sister-ship to Seashore, where the passenger fell while descending into the theater as a result of the absence of handrails).

61. As a direct and proximate result of the Defendant's employees' failure to warn, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: August 15, 2025

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By:    */s/ Eduardo J. Hernandez*
       EDUARDO J. HERNANDEZ
       Florida Bar No. 061451
       ehernandez@ejh-law.com